UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | 2:13-cv-07532-CAS | Date | November 5, 2013 |
|---|---|---|---|
| Title | IN RE: HASSEN IMPORTS PARTNERSHIP | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|

| Catherine M. Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers:)** RESPONSE IN SUPPORT OF WHY NO BOND IS NECESSARY OR APPROPRIATE (Dkt. 36, filed November 1, 2013)

On October 30, 2013, the Court held a hearing to decide whether a stay was appropriate pending determination of this bankruptcy appeal, and to set forth appropriate procedures for the expeditious resolution of the appeal.  At this hearing, the Court inquired of counsel whether the City should be required to post a bond, and if so, in what amount.  Counsel for the City argued that the City was exempt from having to post a supersedeas bond under Cal. Code P. § 995.220.  The Court requested additional briefing from the parties on this issue, and is now in receipt of that briefing.

After reviewing the parties' arguments, the Court concludes that the City should be required to post a bond.  In particular, the Court is persuaded by Dighton and the trustee's argument that Cal. Code P. § 995.220 is preempted by Fed. R. Civ. P. 62, which sets forth the procedures governing supersedeas bonds in federal court.  See, e.g., Leuzinger v. Cnty. of Lake, 253 F.R.D. 469, 475 (N.D. Cal. 2008) ("Thus, because section[] . . . 955.220 provide[s] the County need not post a bond or undertaking to obtain a post-judgment stay, in conflict with Rule 62(d)'s policy against unsecured stays, the latter preempts the former.").  Although the City attempts to invoke Munoz v. City of Philadelphia, 537 F. Supp. 2d 749, 750 (E.D. Pa. 2008), that case turned on Rule 62(f), which applies only "[i]f a judgment is a lien on the judgment debtor's property."  Here, the "judgment," if any, is the order for sale of the properties.  Because this is not a lien on a judgment debtor's property, Munoz is inapplicable.  The Court accordingly concludes that the City is not exempt from the bond requirement, and moreover that a supersedeas bond is appropriate given the circumstances of this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | 2:13-cv-07532-CAS | | Date | November 5, 2013 |
|---|---|---|---|---|
| Title | IN RE: HASSEN IMPORTS PARTNERSHIP | | | |

       Turning to the size of the supersedeas bond, the trustee and Dighton have identified two potential harms that could be incurred pending resolution of this appeal. See Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 (9th Cir. 1987) ("The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution . . . ."). First, the estate is currently incurring a number of maintenance, insurance and tax costs related to the properties. Second, should Dighton withdraw its offer to purchase the property, or should Dighton's financing fall through before the sale closes, the estate would be forced to resell the property at a much lower value. The trustee represents that the second-highest bidder at the auction of the properties offered "more than $2,000,000 less than the ultimate purchase price." Dkt. 37 at 4. Taking these potential harms into account, the Court hereby directs the City to post a supersedeas bond in the amount of **$2,500,000** as a condition of staying this case pending appeal. The City shall post this bond no later than **November 18, 2013.**

       IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |